UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv34

| | |
|---|---|
| CRUZ CARRASCO,<br>    Petitioner,<br><br>v.<br><br>ERIC FARRAR, ASSISTANT FIELD<br>OFFICE DIRECTOR FOR INTERIOR<br>ENFORCEMENT, I.C.E.; JANET<br>NAPOLITANO, SECRETARY, DHS;<br>ERIC HOLDER, U.S. ATTORNEY<br>GENERAL; and THE UNITED STATES<br>OF AMERICA,<br>    Respondents. | **ORDER** |

**THIS MATTER** is before the court on Petitioner's Motion for Temporary Restraining Order (Document #3), filed January 27, 2010.

## FACTUAL BACKGROUND

Petitioner is a citizen of Mexico.[1] On May 27, 2009, Petitioner was convicted of driving while intoxicated. Petitioner was then incarcerated and placed under an immigration detainer by Immigration and Customs Enforcement ("ICE"). On August 19, 2006, Petitioner appeared before an Immigration Judge for a judicial redetermination of the conditions of his release. At the hearing, all parties agreed to Petitioner's release on $10,000 bond, and this agreement was ratified by the Immigration Judge. On January 26, 2010 as Petitioner exited the courtroom after a subsequent court appearance, Petitioner was taken into custody by two ICE agents acting on behalf of the assistant

---

[1] All facts are taken from Petitioner's Complaint and Petition for Writ of Habeas Corpus (Document #1).

1

director.  The agents stated that the district director[2] had revoked Petitioner's bond after learning of Petitioner's 2007 state conviction for possession of a Schedule II controlled substance.

Petitioner sought immediate relief from the Immigration Judge but was told that he would have to file a bond motion in order to have the issue heard.  Instead of doing so, Petitioner filed the instant TRO, a motion for a preliminary injunction, and a petition for habeas relief.  Petitioner is currently being detained in the Mecklenburg County Jail System.  Petitioner argues that a Temporary Restraining Order is necessary to prevent his imminent transfer beyond the jurisdiction of this court to another detention center near Atlanta, Georgia.

Although Petitioner has not filed a memorandum to support either his motion for a Preliminary Injunction or his motion for a Temporary Restraining Order, the arguments in Petitioner's complaint and petition for writ of habeas corpus are sufficient for the court to rule on the issues presented.

## **ANALYSIS**

The legal standard for issuance of a Temporary Restraining Order is the same as that for a Preliminary Injunction.  <u>Commonwealth of Virginia v. Kelly</u>, 29 F. 3d 145, 147 (4th Cir.1994).  According to the Fourth Circuit Court of Appeals, in considering whether to grant injunctive relief, the following factors are relevant:

> 1) the likelihood of irreparable harm to the plaintiff if the relief is denied;
>
> 2) the likelihood of harm to the defendant if the requested relief is granted;
>
> 3) the likelihood that the plaintiff will succeed on the merits; and

---

[2] The inconsistency between the use of "district director" here and "assistant director" in the previous sentence is reflected in the petition for habeas relief.  This discrepancy has no effect on the court's analysis.

> 4) the public interest.

Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991) (citations omitted).

In the present case, Petitioner cannot demonstrate irreparable harm if the Temporary Restraining Order is denied. Although Defendant may be transferred beyond the jurisdiction of this court, he will simply be removed to the jurisdiction of another federal district court with the identical power to grant habeas relief. In addition, Petitioner has not shown why he cannot file for bond redetermination with an Immigration Judge. Such a hearing could also afford Petitioner the relief he seeks.

Petitioner has also failed to show that he is likely to succeed on the merits of his habeas claims. In his petition for writ of habeas corpus, Petitioner argues that "ICE did not act within its authority in revoking Petitioner's bond because it lacked the authority to undermine an IJ's [i.e. Immigration Judge's] decision." According to Petitioner, the actions of the ICE agents in detaining him deny Petitioner of "his right to a custody redetermination as was intended by Congress." In addition, Petitioner argues that his due process rights were violated. Petitioner is likely incorrect on both counts.

Under 8 U.S.C. § 1226, the Attorney General is given broad authority to arrest and detain aliens pending a decision on whether the alien is to be removed from the United States. Even if the alien is placed on bond pending the removal decision, "[t]he Attorney General may at any time revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." 8 U.S.C. § 1226(b). This authority of the government to revoke bond is further explained at 8 C.F.R. § 1236.1(c)(9), which provides:

> When an alien who, having been arrested and taken into custody, has been released, such release may be revoked at any time in the discretion of the district director . . . assistant district director . . . or officer in charge . . . in which event the alien may be taken into physical custody and detained. If detained, unless a breach has occurred, any outstanding bond shall be revoked and canceled.

Since Congress has given the government broad discretion to revoke bond, the actions of the ICE agents in re-arresting Petitioner on the orders of the district director did not exceed this authority and did not undermine Congressional intent. In fact, the government's actions fell well within the statutory bounds established by Congress. Furthermore, to the extent that Petitioner is challenging a discretionary judgment of the attorney general regarding his detention or release, this judgment is not subject to review.[3] 8 U.S.C. § 1226(e); Demore v. Kim, 538 U.S. 510, 516-17 (2003).

As support for his argument, Petitioner relies heavily on another federal regulation which states that "[a]fter an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). Petitioner argues that this provision requires any modification of an original custody determination to be made by an Immigration Judge. However, Petitioner ignores the clear language of this regulation, which only requires that "an alien's request for a subsequent bond redetermination" be made in writing to the Immigration Judge. There is no such burden placed upon the government, as this would contradict the plain meaning of 8 U.S.C. § 1226.

Petitioner's constitutional due process challenge likely fails as well. "[W]hen the

---

[3]The court does not rely exclusively on this statutory provision because Petitioner's habeas claim may also be viewed as challenging the statutory framework that allows such a decision to be made by the Attorney General. This type of challenge is reviewable. Demore, 538 U.S. at 517.

Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." Demore, 538 U.S. at 528. This accords with the Supreme Court's "longstanding view that the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." Id. at 526. Petitioner does not argue that he is not a deportable alien, nor does Petitioner argue that he would be unable to challenge his status as a deportable alien. See Demore, 538 U.S. at 531-32 (Kennedy, J., concurring). For these reasons, Petitioner has likely failed to state a claim for violation of his due process rights.

**WHEREFORE**, for the foregoing reasons, Petitioner's request for a Temporary Restraining Order is **DENIED**.

**SO ORDERED.**

Signed: January 28, 2010

Richard L. Voorhees
United States District Judge